UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

XING JIAN YU,

          Movant,

    -vs-

JEFF SESSIONS, Attorney General of
the United States; THOMAS P.
BROPHY, Field Office Director for
Detention and Removal, Buffalo
Field Office, Bureau of Immigration
and Customs Enforcement; Department
of Homeland Security; and JOE
KOSON, Facility Director, Buffalo
Federal Detention Facility,

          Respondents.

**DECISION AND ORDER**
**No. 6:17-cv-06699-MAT**

---

## I. Introduction

Proceeding pro se, Xing Jian Yu ("Yu" or "Petitioner"), a native and citizen of China under a final order of removal from the United States, has filed a petition (Docket No. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Presently before the Court is the Motion to Dismiss filed by the respondents (hereinafter, "the Government") seeking dismissal of the Petition on mootness grounds. For the reasons discussed herein, the Motion to Dismiss is granted, and the Petition is dismissed.

-1-

## II. Background

Yu, a native and citizen of China, submitted Form I-589, Application for Asylum and for Withholding of Removal with the United States Citizen and Immigration Services ("USCIS") on January 11, 2010. USCIS conducted his asylum review on February 18, 2010. On March 2, 2010, USCIS issued Yu Form I-862, Notice to Appear, pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) and placed him in removal proceedings.

On July 26, 2016, Yu was scheduled to appear before an Immigration Judge ("IJ"), but his hearing was rescheduled for March 23, 2017.

On December 14, 2016, Yu encountered United States Border Patrol Agents in Rio Grande Valley, Texas, attempting to enter this country. At that time, he was served Form I-860, Notice and Order of Expedited Removal, pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). He was transferred to the Buffalo Federal Detention Facility ("BFDF") on December 21, 2016.

On January 19, 2017, ICE discovered that Yu was already in immigration proceedings in Newark, New Jersey. Those proceedings were terminated, and Yu was placed in removal proceedings in Batavia, New York. An IJ ordered Yu removed from the United States to China on March 21, 2017. Pending his removal, Yu was detained at the BFDF. DHS conducted periodic custody reviews based on his file

but determined that he should remain in detention.

In the Petition, dated September 17, 2017, Yu asserted that his continued detention violated 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), as well as the Due Process Clause of the Fifth Amendment of the United States Constitution.

The Government indicates that on December 4, 2017, Yu was removed from the United States to China. See Declaration of Daniel B. Moar ("Moar Decl.") (Docket No. 7), ¶ 4 & Exhibit ("Ex.") 1 (Docket No. 7-1). Accordingly, the Government argues, Yu's Petition has been rendered moot.

**II. Jurisdiction**

   **A. The Habeas "In Custody" Requirement**

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." So v. Reno, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Gonzalez v. INS, No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later deported)). Here, Yu filed his

§ 2241 petition prior to his deportation, while he was detained in DHS/ICE custody, thereby satisfying the "in custody" requirement of the habeas statute.

**B. Mootness**

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477 (1990) (citing <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199 (1988)). When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)) "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" <u>Cty. of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)). Throughout the litigation, in order to sustain the federal court's jurisdiction, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." <u>Spencer</u>, 523 U.S. at 7 (quoting <u>Lewis</u>, 494 U.S. at 477-78; citation omitted). In other words, "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Id.</u> (quoting Lewis, 494 U.S. at 477).

The Supreme Court has explained that a prisoner's or parolee's

-4-

challenge to the validity of his conviction "always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7. However, once the prisoner's "sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id. (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)).

Here, Yu's habeas petition challenges only the lawfulness of his administrative detention; the sole relief Yu seeks is release from custody. Indeed, that is the only relief that he legally can seek from this Court. Since the Petition is based only on Yu's allegedly unlawful detention in DHS/ICE custody, and not the removal order from which the detention flowed, the issue now is whether Yu suffers from any "collateral consequences" of detention now that he is no longer "in custody," DHS/ICE having effectuated his deportation.

The courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot. See, e.g., Baptiste v. INS, No. 06-CV-0615(NG), 2006 WL 3050884, at *2

(E.D.N.Y. Oct. 23, 2006) ("It is clear that petitioner in the case at hand was challenging only the lawfulness of her detention. Further, it is hard to imagine any possible 'collateral consequences' of petitioner's detention. She has not indicated any such consequences to the court. Thus, as a result of her release, petitioner's application for relief is moot.") (citing Williams v. INS, No. 02-CIV-3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (stating that petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested-release from detention-has already been afforded to him"); Sayavong v. McElroy, No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) ("After his petition was filed, Sayavong was released from INS custody pursuant to an Order of Supervision which requires him to live at his home address in Rochester, New York. . . . [T]he only relief sought by Sayavong's petition has previously been granted by the INS. It follows that Sayavong's petition is moot.") (citing Johnson v. Reno, 143 F. Supp.2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from [INS] custody is moot when the petitioner is no longer in [INS] custody.")).

Because the only relief sought by Yu and obtainable from this Court was release from DHS custody, the Court finds that the Petition became moot upon his removal from this country, which terminated his custodial detention. See, e.g., Singh v. Mule, 07-CV-6387-CJS-VEB, 2009 WL 204618, at *9 (W.D.N.Y. Jan. 27, 2009)

("By virtue of his removal from the United States, Singh has been released from his detention in administrative custody of DHS. This release from detention was the only relief he requested in his petition pending before this Court. Thus, since there is no effectual relief that this Court can now provide to Singh, his habeas petition has been rendered moot.") (internal quotations and citation omitted). Therefore, the Court agrees with the Government that there is no longer a case or controversy within the meaning of Article III. Consequently, the Court must dismiss the petition based on the lack of subject matter jurisdiction.

**IV. Conclusion**

For the foregoing reasons, the Government's Motion to Dismiss is granted, and the Petition is dismissed. The Clerk of Court is directed to close this case.

**SO ORDERED**

*s/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: September 9, 2019
Rochester, New York